# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESHISHYAN HOVANNES,<br><br>           Petitioner,<br><br>     v.<br><br>DENNIS SMITH,<br><br>           Respondent._____/ | 1:07-CV-00223 OWW DLB HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>[Doc. 6] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on February 9, 2007. On May 2, 2007, the Court issued Findings and Recommendation recommending that the petition be granted and Respondent be ordered to consider the appropriateness of transferring Petitioner to an RRC in light of the factors set forth in 18 U.S.C. § 3621(b), without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.

On June 6, 2007, Respondent filed a motion to dismiss the petition as moot. In his motion, Respondent states and submits evidence that on May 23, 2007, Petitioner was transferred to a halfway house. (*See* Declaration of Bobbi Butler, at ¶ 2.)

Because Petitioner has already been granted the relief he requested, the case is now moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court

of jurisdiction to hear moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   July 6, 2007**              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE